UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-144 |
| SUSANTHA WIJETUNGE, ET AL. | SECTION I |

## ORDER

The Court has pending before it a motion[1] to dismiss certain counts of the superseding indictment. The motion is filed by defendants, Susantha Wijetunge ("Susantha"), VJ Discount, Inc., ("VJ Discount"), VJ & Manu Properties, LLC; VJ & Manu Properties, II, LLC; and VJ & Manu Properties, III, LLC (collectively, "movants"), but it is not joined by defendant, Manula Wijetunge ("Manula").[2] The government opposes the motion.[3] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Defendants are charged in a thirty two count superseding indictment.[4] The pending motion to dismiss addresses counts twenty three through thirty two, all of which rely on the government's purportedly mistaken "proposition that the VJ defendants '. . . understated their income . . . .'"[5] Specifically, counts twenty three through twenty five of the superseding indictment charge Susantha and Manula with making and subscribing false individual income tax returns knowing that "the

---

[1] R. Doc. No. 163.
[2] R. Doc. No. 163, at 1.
[3] R. Doc. No. 169.
[4] R. Doc. No. 67.
[5] R. Doc. No. 163, at 1.

amount of total income each year was substantially greater" than the amount they reported, in violation of 26 U.S.C. § 7206(1).[6] Counts twenty six through twenty eight of the superseding indictment charge Manula with making and subscribing false income tax returns for VJ Discount knowing that "the amounts of other income and total income were substantially greater than the amounts reported," in violation of 26 U.S.C. § 7206(1).[7] Counts twenty nine through thirty one of the superseding indictment charge Susantha with willfully aiding and assisting in the preparation of false income tax returns for an S corporation for VJ Discount knowing "the amounts of other income and total income were substantially greater than the amounts reported," in violation of 26 U.S.C. § 7206(2).[8] Count thirty two charges Susantha and Manula with conspiring to defraud the United States by "conceal[ing] and disguis[ing] their true income and assets from the Department of Education" and a university in connection with a Free Application for Federal Student Aid ("FAFSA"), in violation of 18 U.S.C. § 371.[9]

## LAW & ANALYSIS

### A.    Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Criminal Procedure 12(b)(1) states that "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."[10] "'The

---

[6] R. Doc. No. 67, at 18-19.
[7] R. Doc. No. 67, at 19. The Court notes that only Manula is charged in counts twenty six through twenty eight, but that Manula does not join in the motion to dismiss those counts.
[8] R. Doc. No. 67, at 20.
[9] R. Doc. No. 67, at 20-23.
[10] Defendants invoke Federal Rule of Criminal Procedure 12(b)(2). R. Doc. No. 163-1, at 1, 3, 7. However, Rule 12(b)(2), as it presently exists, authorizes motions claiming "that the court lacks jurisdiction," and defendants' motion does not implicate the jurisdiction of this Court. Defendants evidently intend to move pursuant to Rule 12(b)(1), which was amended in 2014 to contain language formerly found in Rule 12(b)(2). *See* Fed. R. Crim. P. 12 advisory committee's note to 2014 amendment.

propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact.'" *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)). "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975). "'If a question of *law* is involved, then consideration of the motion is generally proper.'" *Fontenot*, 665 F.3d at 644 (quoting *Flores*, 404 F.3d at 324) (emphasis added); *see also Flores*, 404 F.3d at 323 (affirming district court's dismissal of indictment "because the district court based its disposition entirely on its resolution of a legal question *and the facts are undisputed*") (emphasis added).

**B.     Analysis**

Movants argue that counts twenty three through thirty two of the indictment should be dismissed because of a "proof deficiency regarding alleged tax fraud."[11] Based on their own analysis of their own bank accounts, movants assert that (1) they lost much more on dishonored checks than the government believes they lost; (2) they actually *overreported* their income; and (3) consequently, the government will be unable to prove their guilt of counts twenty three through thirty two.[12] Movants also dispute the government's basis and methodology for concluding that income was

---

[11]R. Doc. No. 163-1, at 3. Movants have not renewed any of the arguments asserted in their earlier motion to dismiss the original indictment, R. Doc. No. 47, which the Court dismissed as moot after the superseding indictment was filed, R. Doc. No. 82.

[12]R. Doc. No. 163, at 1; R. Doc. No. 163-1, at 3.

underreported.[13]

Movants' arguments are fact-intensive and challenge the merits of the government's case as to counts twenty three through thirty two of the superseding indictment. These are not cognizable grounds for pretrial dismissal of any charges, *see Mann*, 517 F.2d at 267; *Flores*, 404 F.3d at 323-24, and the cases purportedly to the contrary on which movants rely are not apposite.

The court in *United States v. Nitschke* considered and granted a motion to dismiss a count of an indictment only because (1) the defendant stipulated to the entire relevant record, which was limited to a single internet chat transcript, (2) "the remaining determination [was] an entirely legal one," and (3) and a delay for a trial on that count was "unwarranted and would constitute a waste of judicial resources." 843 F. Supp. 2d 4, 9 (D.D.C. 2011). But the court in *Nitschke* noted that the posture was "unusual," and that "[i]t would certainly be improper to force the Government in the normal case to proffer its evidence pretrial so that the defense might test its sufficiency." *Id.*

Similarly, the court in *United States v. Yakou* upheld "the district court's pretrial dismissal of the indictment based on a question of law where the government has not made a timely objection" and the material facts were undisputed. *See* 428 F.3d 241, 247 (D.C. Cir. 2005). The court in *Yakou* also observed the unusual nature of that relief "because the government is usually entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal." *Id.*; *see also id.* at 246 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context.").

This case is unlike *Nitschke* or *Yakou*; movants and the government have not agreed to or stipulated to any facts, the motion does not raise a pure question of law based on undisputed facts,

---

[13]R. Doc. No. 163-1, at 4-6.

and the government objects. Movants' unilateral assertion that "it cannot be disputed (in good faith)" that they are factually innocent[14] is simply not a basis for dismissing disputed charges "in an indictment, sufficient on its face." *Mann*, 517 F.2d at 267. Such evidence and argument must be presented at a "trial of the charge on the merits." *Id.* Accordingly,

**IT IS ORDERED** that the motion to dismiss is **DENIED.**

New Orleans, Louisiana, November 9, 2015.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[14]R. Doc. No. 163-1, at 2.